UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

v. **No. 4:26-cr-00051-P**

**JOSHUA ROBERT LINK, ET AL.**

## MEMORANDUM OPINION & ORDER

Before the Court are the Government's Motion to Set Jury Trial for All Defendants and All Counts on Same Date (ECF No. 193) and Defendant Joshua Robert Link's Motion to Sever Counts Fourteen Through Eighteen (ECF No. 195). The Government moves to schedule trial for all Defendants and Counts in this case on October 26, 2026. ECF No. 193. Conversely, Defendant Joshua Link moves to sever Counts Fourteen through Eighteen from the remaining counts and set them for a separate trial. ECF No. 195. In the alternative, Joshua Link requests that if the Court sets a single trial date for all Defendants and Counts, it should be November 2, 2026. ECF No. 200 at 5.

Having considered the filings, the record, and the applicable law, the Court will **GRANT IN PART** the Government's Motion and **DENY** Defendant's Motion. It will also reset the trial date for all Defendants and Counts in this case to **November 2, 2026.**

## BACKGROUND

This case concerns an alleged fraudulent scheme committed by Defendants through the Fort Worth-based company Agridime, LLC ("Agridime"). Filed on September 11, 2026, the Second Superseding Indictment spans 18 counts, charging Defendants Joshua Robert Link, Royana Jane Thomas, and Jason Allen Link with various federal crimes arising out of the alleged scheme. ECF No. 168.

Counts One through Thirteen charge Joshua Link and Royana Thomas with conspiracy to commit wire fraud, wire fraud, and engaging in monetary transactions in criminally derived property. ECF No. 168 at 5–30. These Counts allege that Link and Thomas, acting through Agridime, conspired to enrich themselves by defrauding cattle purchasers, ranchers, and feedlots. ECF No. 168 at 6. Among other things, Link and Thomas are alleged to have executed fraudulent cattle contracts with investors, provided fraudulent accounting information, and diverted Agridime funds to pay for their own personal expenses. ECF No. 168 at 6.

Counts Fourteen through Eighteen charge Jason Link and Joshua Link with conspiracy to commit wire fraud, wire fraud, and engaging in monetary transactions in criminally derived property.[1] ECF No. 168 at 31–41. These Counts allege that Jason and Joshua Link conspired to defraud Agridime to enrich themselves. ECF No. 168 at 32. Specifically, the Links are charged with wiring money to a ranch controlled by Jason Link for cattle feed and care services the ranch did not provide, and in turn to have used that money for their own personal expenses. ECF No. 168 at 32–33.

Although the Second Superseding Indictment charged all three Defendants, Joshua Link and Royana Thomas are scheduled for a jury trial on October 26, 2026. ECF No. 171. Jason Link is scheduled for trial on November 2, 2026. ECF No. 192. On September 30, the Government moved to try all Defendants in this matter on the same date. ECF No. 193. The next day, Joshua Link moved to sever Counts Fourteen through Eighteen for a separate trial. ECF No. 195.

## LEGAL STANDARD

### A. Federal Rule of Criminal Procedure 8(b)

Federal Rule of Criminal Procedure 8(b) permits multiple defendants to be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions,

[1] Counts Seventeen and Eighteen only charge Jason Link. ECF No. 168 at 41.

constituting an offense or offenses." FED. R. CRIM. P. 8(b). The purpose of Rule 8(b) is "to balance the need to avoid potential prejudice" to a defendant "with the need to attain trial efficiency." *United States v. Maggitt*, 784 F.2d 590, 595 (5th Cir. 1986). If the charged offenses involve the same motive, evidence, or victims, joinder serves the interest of judicial efficiency. *Id.*

**B. Federal Rule of Criminal Procedure 14(a)**

Federal Rule of Criminal Procedure 14(a) permits the Court to sever the trial of multiple defendants if their consolidation "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). The federal system "prefers joint trials of defendants who are properly charged in joint indictments," particularly in conspiracy cases. *United States v. Daniel*, 933 F.3d 370, 380 (5th Cir. 2019) (quotations omitted). Severance "is an exception" to that preference justified only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quotations omitted).

## ANALYSIS

The Government moves to join the trial of all Defendants under Rule 8, which Joshua Link opposes. ECF No. 193 at 1. Joshua Link moves to sever Counts Fourteen through Eighteen for separate trial under Rule 14. ECF No. 195 at 3. The Court addresses each request in turn.

**A. Joinder of all Defendants' trials under Rule 8 is proper.**

The Court may try all three Defendants together if they are alleged to have participated "in the same series of acts or transactions." FED. R. CRIM. P. 8(b). For joinder purposes, the Court accepts the allegations in the operative indictment as true. *United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994). An "overarching conspiracy" across each of the substantive counts in the indictment can supply "the same series of acts or transactions." *Id.* (quotation omitted). And "[s]eparate conspiracies with different memberships may still be joined if they are part of the same series of acts or transactions." *United States v. Welch*, 656 F.2d 1039, 1049 (5th Cir. 1981) (quotation omitted).

Here, the Superseding Indictment describes two conspiracies perpetrated by Defendants, all three of whom were executives or employees of Agridime. ECF No. 168 at 2. They encompass the same overarching scheme of financial fraud intended to personally enrich Defendants through Agridime. The first conspiracy involves Joshua Link and Royana Thomas defrauding investors, cattle producers, and feedlots by executing fraudulent cattle contracts supported by overinflated valuations. ECF No. 168 at 6. Those contracts included agreements by Agridime to raise and process cattle on behalf of investors. ECF No. 168 at 7. Link and Thomas committed this fraud to pay their own personal expenses and pay themselves excessive salaries. ECF No. 168 at 6.

The second conspiracy had a different object, but involves much of the same conduct. According to the Indictment, Jason and Joshua Link defrauded Agridime by inventing feed and care services that did not occur. These invented services are related to Agridime's promises to raise and process cattle on behalf of investors. And they were also supported by overinflated calculations. ECF No. 168 at 32–35. Like the first conspiracy, Jason and Joshua Link committed this fraud to pay their own personal expenses, including to fund the construction of a luxury residence. ECF No. 168 at 33.

These two conspiracies were perpetrated at the same time through the same company. They share a common Defendant—Joshua Link—and the same motive: "[F]or defendants to enrich themselves" through Agridime. ECF No. 168 at 6, 32. And the Government certifies that all of the witnesses and at least some of the evidence needed to prove Counts One through Thirteen are needed to prove Counts Fourteen through Eighteen. ECF No. 193 at 2. As a result, the Court holds that each of the Counts charged in this case involve "the same series of acts or transactions," making joinder of Defendants' trials proper. FED. R. CRIM. P. 8(b).

### B. The Court declines to sever Counts Fourteen through Eighteen under Rule 14.

Even if joinder is proper, Rule 14(a) permits the Court to sever Defendants' trials if a joint trial would prejudice a defendant. The Fifth Circuit's precedent on this point "does not reflect a liberal attitude toward severance." *Daniel*, 933 F.3d at 380 (quoting *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018)). The Court will sever Defendants' trials only if they meet the "difficult" burden of showing that a joint trial will cause them "specific and compelling prejudice." *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994).

Joshua Link argues that a joint trial would cause prejudice because it would expose the jury to irrelevant evidence. ECF No. 195 at 12–13. But, as stated above, the charges cover the same overarching fraudulent scheme. And the Government certifies that at least some of the same evidence needed to prove Counts One through Thirteen will be used to prove Counts Fourteen through Eighteen. ECF No. 193 at 2.[2]

Defendant has not met his burden to show that a joint trial will cause himself compelling prejudice. A joint trial would greatly serve the interest of judicial efficiency by permitting each of the Defendants in the charged scheme to be tried together. *See Ballis*, 28 F.3d at 1408 (explaining the court must balance judicial economy with any prejudice to a defendant under Rule 14(a)). As a result, the Court declines to sever Counts Fourteen through Eighteen from the rest of the case.

## CONCLUSION

For the foregoing reasons, Defendant's Motion (ECF No. 195) is **DENIED.** The Government's Motion (ECF No. 193) is **GRANTED IN PART.**

---

[2] Mr. Link also contends that Count Fourteen imports the Court-appointed Agridime Receiver as an alleged victim, which requires the introduction of irrelevant evidence concerning events that occurred after the Court appointed the Receiver. ECF No. 195 at 13. But the Court has already denied Mr. Link's Motion in Limine on this point, *see* ECF No. 203, and in any event doubts Mr. Link's theory that evidence about Defendants' alleged fraud after the Court appointed the Receiver is inherently irrelevant. ECF No. 203 at 2 n.1.

The Court finds it prudent to set the joint trial date for the later date currently in place. Accordingly, it is **ORDERED** that the jury trial for all Defendants and Counts in this case shall be set for **November 2, 2026,** at 9:00 a.m. The Court further **ORDERS** that the deadline for each Defendant to file written expert witness designations shall be extended to **October 26, 2026.**

**SO ORDERED** on this **6th day** of **October 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE